**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | |
|---|---|
| TERESA L. HARMS, | |
| Plaintiff, | No. C07-3023-MWB |
| vs. | **REPORT AND RECOMMENDATION** |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

_____

This matter is before the court for judicial review of the defendant's decision denying the plaintiff's application for Title XVI supplemental security income ("SSI") benefits, and for reinstatement of her disabled adult child benefits. The plaintiff Teresa L. Harms was awarded SSI benefits in 1978, just prior to her fifteenth birthday, for a disability based on diagnoses of Conduct Disorder, Undifferentiated Type, and Adjustment Disorder. (R. 38; *see* R. 24-37) Her case was reviewed in August 2000, and her benefits were continued on the basis that she remained disabled due to Major Depressive Disorder and Anxiety. (R. 42-44) At that time, doctors indicated her condition might improve, so her case was docketed for review in three years. (R. 43)

In September 2004, after further review, the Social Security Administration decided Harms's health had improved significantly since the last review, and she was able to perform simple, unskilled work, such as coffee maker, sandwich maker, or cook helper. Despite wearing bilateral hearing aids, Harms was found able to understand and respond to normal conversation. Her benefits were ceased at that time. (R. 45-49)

Harms did not appeal the cessation of her benefits, but instead filed a new application for SSI benefits.[1] Her application was denied initially and on reconsideration. Harms, who had been unrepresented throughout all of her disability proceedings, waived her right to be present at an ALJ hearing, stating she was "a very nervous person" with severe anxiety, shy, and "a homebody person." (R. 118) As a result, ALJ Jean M. Ingrassia decided Harms's claim based on the written evidence of record. (R. 14-23)

Significantly, the only medical evidence before the ALJ regarding Harms's mental status was from two evaluations performed by state agency consultants. (*See* R. 350-72; 386-425) The record also contains an evaluation of Harms's ears and hearing loss (R. 373-76), and the results of a paper review by a state agency consultant (R. 377-85) Despite the fact that Harms repeatedly noted in forms submitted to the SSA that she was being treated for her mental problems (*see, e.g.*, R. 118, 159, 209, 215, 223; *see also* R. 351, 386-87), the ALJ did not request copies of Harms's treatment records. Harms submitted additional evidence to the Appeals Council (*see* Doc. No. 7-2), but that evidence is not included in the administrative record.[2]

Harms argues the ALJ failed to develop the record fully and fairly, necessitating remand for a full evaluation of her condition. She also notes the ALJ failed to cite even a single job in the national economy that Harms can perform. Because of these deficiencies in the record, Harms argues the record does not contain substantial evidence to support the ALJ's decision that she is not disabled. (*See* Doc. No. 7) The Commissioner acknowledges these, and other, deficiencies in the ALJ's decision, and requests remand for further proceedings rather than an immediate award of benefits. (Doc. No. 8) Harms does not oppose remand. (Doc. No. 9)

---

[1] The application is not included in the administrative record submitted to the court.

[2] Inexplicably, the Commissioner filed a second volume of the administrative record that contains only two pages – a duplicate of the Certification page, and a duplicate of the Court Transcript Index page.

The undesigned has reviewed the administrative record, and finds the record does not contain substantial evidence to support *any* determination regarding Harms's disability, either favorable or unfavorable. There are no records of Harms's treatment by mental health professionals. The court finds the ALJ failed in her duty to develop the record fully and fairly, and Harms was prejudiced by that failure. *See Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004); *Snead v. Barnhart*, 360 F.3d 834, 848 (8th Cir. 2004) (citing *Nevland v. Apfel*, 204 F.3d 853, 858 (8th Cir. 2000)); *Onstad v. Shalala*, 999 F.2d 1232, 1234 (8th Cir. 1993). It was error for the ALJ to rely solely on the opinions of the agency consultants. *Strongson v. Barnhart*, 361 F.3d 1066, 1071-72 (8th Cir. 2004) (citing *Nevland*, 204 F.3d at 858). While the court could review the additional evidence submitted to the Appeals Council, and attached to Harms's brief (Doc. No. 7-2), that still would not resolve the issue of Harms's residual mental functional capacity, and the determination of whether any jobs exist that Harms can perform.

For these reasons, the undersigned **respectfully recommends**, unless any party files objections to this Report and Recommendation in accordance with 28 U.S.C. § 636 (b)(1) and Fed. R. Civ. P. 72(b), within ten (10) days of the service of a copy of this Report and Recommendation, that the Commissioner's motion for remand (Doc. No. 8) be granted, judgment be entered for Harms, and the Commissioner's decision be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g), for development of the record and further proceedings.

**IT IS SO ORDERED.**

**DATED** this 15th day of February, 2008.

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT