# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| TERESA L. HARMS,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF SOCIAL<br>SECURITY,<br><br>　　　　Defendant. | No. C 07-3023-MWB<br><br>**ORDER REGARDING<br>MAGISTRATE JUDGE'S REPORT<br>AND RECOMMENDATION ON<br>DEFENDANT'S MOTION FOR<br>REMAND** |

_____

## *I. INTRODUCTION*

Plaintiff Teresa Harms was awarded Title XVI Social Security Income (SSI) benefits in 1978 just before she turned fifteen years old. Her case has been reviewed several times since then, and in September 2004, after the last review, the Social Security Administration (SSA) decided Harm's health had significantly improved and that she was no longer entitled to benefits. Instead of appealing the SSA's decision, Harms thereafter filed a new application for SSI benefits. Her application was denied initially and on reconsideration.

Harms appealed the decision to federal district court, alleging the ALJ's decision suffered from several deficiencies. Dkt. #s 1, 7. Specifically, Harms alleged substantial evidence failed to support the Commissioner's decision because the ALJ failed to cite even a single job Harms could perform. The Commissioner acknowledges the deficiencies in the ALJ's decision, and moves the court to remand the case for further proceedings rather than an immediate award of benefits. Dkt. # 8. Harms does not oppose the remand. Dkt. # 9.

The matter was referred to Chief Magistrate Judge Paul A. Zoss. Judge Zoss respectfully recommended the Commissioner's motion be granted, and that judgment be entered for Harms and the Commissioner's decision be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for development of the record and further proceedings. Dkt. # 11. Neither party filed objections to Judge Zoss's recommendation.

## II. ANALYSIS

The court reviews the magistrate judge's report and recommendation pursuant to the statutory standards found in 28 U.S.C. § 636(b)(1):

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1) (2006); *see* Fed. R. Civ. P. 72(b) (stating identical requirements); N.D. IA. L.R. 72, 72.1 (allowing the referral of dispositive matters to a magistrate judge but not articulating any standards to review the magistrate judge's report and recommendation). While examining these statutory standards, the United States Supreme Court explained:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985). Thus, a district court *may* review de novo any issue in a magistrate judge's report and recommendation at any time. *Id.* If a party files an objection to the magistrate judge's report and recommendation, however, the district court *must* "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In the absence of an objection, the district court is not required "to give any more consideration to the magistrate's report than the court considers appropriate." *Thomas*, 474 U.S. at 150.

In this case, no objections have been filed. As a result, the court has reviewed the magistrate judge's report and recommendation under a clearly erroneous standard of review. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting when no objections are filed and the time for filing objections has expired, "[the district court judge] would only have to review the findings of the magistrate judge for clear error"); *Taylor v. Farrier*, 910 F.2d 518, 520 (8th Cir. 1990) (noting the advisory committee's note to Fed. R. Civ. P. 72(b) indicates "when no timely objection is filed the court need only satisfy itself that there is no clear error on the face of the record"). After conducting its review, the court is not "'left with [a] definite and firm conviction that a mistake has been committed,'" and finds no reason to reject or modify the magistrate judge's recommendation. *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Therefore, the court accepts the magistrate judge's report and recommendation.

The Commissioner's **motion for remand is granted**.

**IT IS SO ORDERED.**

**DATED** this 4th day of March, 2008.

                                                   MARK W. BENNETT
                                                   U. S. DISTRICT COURT JUDGE
                                                   NORTHERN DISTRICT OF IOWA